# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| *versus* | : | CRIMINAL NO. 24-12-JWD-EWD |
| | : | |
| UKKASHA ALI-SULEIMAN | : | |

### MOTION FOR MENTAL EXAMINATION OF DEFENDANT

**NOW INTO COURT** comes the United States of America by Ronald C. Gathe, Jr., through Elizabeth E. White, Assistant United States Attorney, who respectfully files this motion for an order requiring the defendant, Ukkasha Ali-Suleiman, to be examined, pursuant to Title 18, United States Code, Sections 4241 and 4242, for the reasons set forth more fully below:

1.

On February 14, 2024, a federal grand jury returned an indictment charging the defendant with interstate stalking, in violation of 18 U.S.C. § 2261A(1). ECF No. 1.

2.

On February 28, 2024, the defendant appeared in Court for his initial appearance, detention hearing, and arraignment. ECF No. 9. The defendant stipulated to detention and was remanded to the custody of the U.S. Marshals Service. *Id*.

3.

On March 13, 2024, the defendant filed a Notice of Defense of Insanity, pursuant to Rule 12.2(a) of the Federal Rules of Criminal Procedure, indicating that he intends to rely on the defense that he was insane at the time of the commission of the alleged offense. ECF No. 14. Consequently, if the defendant proceeds to trial and is determined to be not guilty by reason of insanity, the Court will be required to commit

the defendant to the custody of the Attorney General for continued treatment. *See* 18 U.S.C. § 4243(a).

4.

By virtue of the defendant's filing, a mental examination to determine the existence of insanity is required. As Rule 12.2(c)(1)(B) states, "[i]f the defendant provides notice under Rule 12.2(a), the court must, upon the government's motion, order the defendant to be examined under 18 U.S.C. § 4242." Section 4242(a), in turn, provides that, upon the filing of such a notice, the court, "upon motion of the attorney for the Government, shall order that a psychiatric or psychological examination of the defendant be conducted, and that a psychiatric or psychological report be filed with the court, pursuant to the provisions of section 4247(b) and (c)." 18 U.S.C. § 4242(a).

5.

In addition, the United States respectfully submits that the Court should also order an examination to determine whether the defendant is presently competent. Rule 12.2(c)(1)(A) provides that, in cases in which a notice of insanity defense has been raised, the court "may" order the defendant to submit to a competency examination under Section 4241. That section provides that, at any time after the commencement of a prosecution, either party may file a motion for a hearing to determine the mental competency of the defendant, and that the Court shall grant the motion if there is "reasonable cause" to believe that the defendant "may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4242(a).

2

6.

Because the defendant has alleged that he was insane at the time of the charged offense—which took place within the last three months—there is good reason to determine his present mental competency as well. In other words, because the defendant has alleged that he was not legally sane as of January 2, 2024 (*see* Indictment), there is also reason to order an examination to determine whether he is presently suffering from a mental disease or defect rendering him mentally incompetent.

7.

To facilitate the examination, pursuant to 18 U.S.C. § 4247(b), the Court may commit the defendant to the custody of the Attorney General for placement in a suitable facility. The defendant is already in federal custody. ECF No. 9. The United States has consulted with counsel for the defendant, who does not oppose the Attorney General's placement of defendant in a suitable facility for the examination.

8.

At the conclusion of the evaluation, and upon the Court's receipt of the expert report, the United States asks the Court to conduct a hearing.[1]

---

[1] Pursuant to the Speedy Trial Act, 18 U.S.C. § 3161(h)(1)(A), "[a]ny period of delay . . . resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant" is excluded "in computing the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence[.]" The United States respectfully submits that the filing of this motion has interrupted the Speedy Trial Clock and, in the event that the Court grants this motion, that the time between the filing of this motion and the resolution of the issue raised herein should be excluded from the time period specified by 18 U.S.C. § 3161(b).

WHEREFORE, the United States requests that this Court enter an order for a sanity and mental competency evaluation of the defendant, Ukkasha Ali-Suleiman, and asks the Court to conduct a hearing following the completion of the evaluation.

Respectfully submitted, this 15th day of March, 2024.

                UNITED STATES OF AMERICA, by

                RONALD C. GATHE, JR.
                UNITED STATES ATTORNEY

                /s/ Elizabeth E. White
                Elizabeth E. White, LBN 36295
                Assistant United States Attorney
                777 Florida Street, Suite 208
                Baton Rouge, Louisiana  70801
                Telephone: (225) 389-0443
                Fax: (225) 389-0561
                E-mail: elizabeth.white@usdoj.gov

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| *versus* : | CRIMINAL NO. 24-12-JWD-EWD |
| : | |
| UKKASHA ALI-SULEIMAN : | |

**O R D E R**

Considering the defendant's *Notice of Defense of Insanity* (ECF No. 14) and the *Motion for Mental Examination of Defendant* filed by the United States,

**IT IS ORDERED** that the *Motion for Mental Examination of Defendant* is hereby **GRANTED.**

**IT IS FURTHER ORDERED** that a psychiatric or psychological examination of the defendant's sanity at the time of the alleged offenses and the defendant's mental competency to stand trial shall be conducted by a certified psychiatrist or clinical psychologist and that an appropriate report shall be filed under seal with the Court, pursuant to the provisions of 18 U.S.C. §§ 4241(a) and (b), 4242(a), and 4247(b) and (c).

**IT IS FURTHER ORDERED** that the purposes of the psychiatric or psychological examination shall be (1) to determine whether the defendant was insane at the time of the offenses alleged in the Indictment, pursuant to 18 U.S.C. § 4242(a), and (2) to determine whether the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, pursuant to 18 U.S.C. § 4241(a), and that the report filed with the Court shall comply with the requirements set forth in 18 U.S.C. § 4247(c)(1), (2), (3), and (4)(A) and (B).

**IT IS FURTHER ORDERED** that the examination shall be conducted at a suitable facility as determined by the Attorney General, pursuant to 18 U.S.C. § 4247(b).

Finally, **IT IS ORDERED** that the current trial date is hereby cancelled, and all pre-trial deadlines hereby suspended. Pursuant to 18 U.S.C. § 3161(h)(1)(A), the Court notes that the delay resulting from the filing of the *Motion for Mental Examination of Defendant* and the examination to follow, and continuing through the Court's resolution of these issues, is hereby excluded in computing the time within which the trial in this matter must commence.

**SO ORDERED** this _____ day of March, 2024, Baton Rouge, Louisiana.

_____
THE HONORABLE JOHN W. DEGRAVELLES
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

2